**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSMAN KHAN, | No. 09-71183 |
| Petitioner, | Agency No. A070-810-550 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012**

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Osman Khan, a native and citizen of Bangladesh, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Khan's motion to reopen, based on ineffective assistance of counsel, on the grounds that some of the evidence Khan submitted was previously available, *see Iturribarria v. INS*, 321 F.3d 889, 895-96 (9th Cir. 2003), and that Khan failed to establish prejudice with respect to the attorney who filed the previous motion to reopen, *see Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004).

The BIA also did not abuse its discretion in denying Khan's untimely motion to reopen as, *see* 8 C.F.R. § 1003.2(c)(2), because Khan failed to present sufficient evidence of changed circumstances in Bangladesh to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We reject Khan's contention that the BIA's analysis of his claim that he will be persecuted for marrying a Catholic U.S. citizen was insufficient. *See*

*Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[t]he [BIA] does not have to write an exegesis on every contention") (internal quotes omitted).

**PETITION FOR REVIEW DENIED.**